UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TIMOTHY BRUCE ARMSTRONG,

                Petitioner,                Case No. 1:07-cv-974

v.                                         Honorable Richard Alan Enslen

WILLIE SMITH,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I.  Factual allegations and Procedural History

Petitioner is currently incarcerated at the Ionia Maximum Correctional Facility. After entering a plea of guilty, Petitioner was convicted in the Emmet County Circuit Court on May 20, 2005, of five counts of criminal sexual conduct in the second degree, MICH. COMP. LAWS § 750.520c. Petitioner was sentenced to eight to fifteen years on each count.

Petitioner sought leave to appeal from the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner raised one ground on appeal:

> due process requires resentencing where the trial court departed above the statutory sentencing range based on facts already taken into account in scoring the guideline variables and where the prosecutor neither charged nor proved beyond a reasonable doubt, nor did the appellant, the guidelines was [sic] inadequate.

(Compl. at 2, docket #1.) The Michigan Court of Appeals denied his request for leave to appeal on June 15, 2006, for lack of merit in the grounds presented. The Michigan Supreme denied his request on November 30, 2006, finding that the questions presented should not be reviewed by the court. (*Id.*) Petitioner did not petition for certiorari to the United States Supreme Court. Therefore, Petitioner's conviction became final after ninety days on March 1, 2007.

Petitioner filed the instant petition in the Eastern District of Michigan on September 18, 2007, raising the same issue he raised on direct appeal. The case was transferred to this Court on September 28, 2007. Since Petitioner's memorandum in support of his petition appeared to raise additional unexhausted claims, this Court issued an order to show cause why the case should not be dismissed for failure to exhaust. (Order, docket #7.) The order warned Petitioner that, should he withdraw his unexhausted calms, "any subsequent petition filed in this Court raising

the presently unexhausted claims will be a second petition" and that "[b]efore a second petition is filed in the district court, a petitioner must move in the court of appeals for an order authorizing the district court to consider the application." (*Id.* at 4.)  In response to the order, Petitioner filed a "Motion for Withdrawing Unexhausted Claims." (Docket # 8.)  Petitioner seeks to withdraw his unexhausted claims and address only "the exhausted claims of the Petition."  (*Id.* at 2.)

    II.    <u>Analysis</u>

Upon review of Petitioner's motion to withdraw his unexhausted claims, I recommend it be granted.  Therefore, the sole remaining exhausted claim in Petitioner's application for habeas relief is that his due process rights were violated because the trial court departed above the statutory sentencing guideline range relying on facts that were "already taken into account in scoring the guideline variables" and were not charged or proven by the prosecutor beyond a reasonable doubt.  (Compl. at 2.)

Petitioner's application fails to raise a meritorious federal claim.  In *Blakely v. Washington*, 542 U.S. 296 (2004), the United States Supreme Court addressed the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge.  Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant.  The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.  *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.; and see People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). Therefore, under Michigan law, the trial judge sets the minimum sentence (within a certain range), but can never exceed the maximum sentence. *Drohan,* 715 N.W.2d at 789.

Because the trial court can never exceed the maximum sentence set by statute, Michigan's indeterminate sentencing scheme, unlike the determinate sentencing scheme at issue in *Blakely*, does not infringe on the province of the finder of fact, and, thus, does not run afoul of *Blakely*. *See Blakely,* 542 U.S. at 304-05, 308-09. Because the trial court in the present case sentenced Petitioner well within the parameters of Michigan's indeterminate sentencing scheme, it did not violate his Sixth Amendment rights. *See, e.g., Gray v. Bell*, No. 1:06-cv-611, 2007 WL 172519, at *3 (W.D. Mich. Jan. 19, 2007)*; Pettiway v. Palmer,* No. 1:06-cv-132, 2006 WL 1430062, at *1 (W.D. Mich. May 23, 2006); *Stanley v. Jones,* No. 1:06-cv-49, 2006 WL 1459832, at *2 (W.D. Mich. May 23, 2006); *Jones v. Trombley*, No. 2:07-cv-10139, 2007 WL 405835, at *3 (E.D. Mich. Jan. 31, 2007)*; Mays v. Trombley*, No. 2:06-cv-14043, 2006 WL 3104656, at *3 (E.D. Mich. Oct. 31, 2006); *Worley v. Palmer,* No. 2:06-cv-13467, 2006 WL 2347615, * 2 (E.D. Mich. Aug. 11, 2006); *George v. Burt*, No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, No. 2:04-cv-73695, 2005 WL 1343060, at *3 (E.D. Mich. June 1, 2005).

**Recommended Disposition**

For the foregoing reasons, I recommend that Petitioner's Motion to withdraw his unexhausted claims (docket #8) be granted.

I further recommend the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it fails to raise a meritorious federal claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: January 11, 2008              /s/ Ellen S. Carmody
                                     Ellen S. Carmody
                                     United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).